# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Shabbir Manjee,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Village of Dolton,** | ) |
| **Dolton police commander Lewis Lacey,** | ) |
| **Dolton police officer Jeffrey DeVries,** | ) |
| **Dolton police sergeant Harris and other** | ) |
| **Unknown Dolton police officers,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

NOW COMES Plaintiff, SHABBIR MANJEE, by and through his counsel, MELINDA POWER of West Town Law Office and MARA VERHEYDEN-HILLIARD, Center for Protest Law & Litigation at the Partnership for Civil Justice Fund, complaining of Defendants VILLAGE OF DOLTON, COMMANDER LEWIS LACEY, OFFICER JEFFREY DEVRIES and SERGEANT HARRIS and UNKNOWN DOLTON POLICE OFFICERS. Plaintiff seeks to hold Defendants accountable for their violations of Plaintiff's constitutional rights. These include First Amendment protected free speech rights, Fourth Amendment protected right to be free from unlawful seizure and arrest, and related state law violations. Defendants violated Plaintiff's fundamental rights while he was exercising his First Amendment rights to assemble and speak out in opposition to police violence and to demand police accountability. In support, Plaintiff MANJEE alleges as follows:

## INTRODUCTION

On July 27, 2021, Village of Dolton police officers murdered Alexis Wilson, a Black

woman, by shooting her to death.. The Village of Dolton did not apologize to Ms. Wilson's family, take any action against the police officer who killed her or take any responsibility whatsoever for the killing.

Many were concerned and upset about the Village of Dolton's police actions and the failure of any police accountability. They wanted to voice their opinion about the killing. Plaintiff was one of those people.

On September 1, 2021, the mayor of Dolton made a rare public appearance at an outdoor meeting at City Hall.

Plaintiff was one of several dozen peaceful protestors who assembled outside on the sidewalk in an attempt to voice his concern and to verbally oppose and challenge the actions of the police and the Village of Dolton in killing Ms. Wilson and others. He witnessed officers refusing to permit protesters to approach the public meeting and, without apparent cause, arresting two protesters.

Police targeted and arrested Plaintiff immediately after, through a bullhorn, he expressed his opinion that Officer Jeffrey Devries was a "fascist pig" and that Sergeant Harris was a "fucking pig."

Instead of being able to peacefully voice his opinion, Plaintiff was subject to attack from Defendant officers who extinguished his free speech activity, roughly seized and arrested Plaintiff, held him for several hours, and issued him a false ticket alleging that Plaintiff was interfering with a public meeting. On the eve of trial, after prosecuting the ticket for months, the Village of Dolton dismissed the ticket.

**PARTIES**

1. Plaintiff Shabbir Manjee is a resident of Illinois who lives in Chicago.
2. At all times relevant to this Complaint, Plaintiff was attending a peaceful assembly and

speaking peaceably in the exercise of his First Amendment rights.

3. Defendant Village of Dolton (Dolton) is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of the individual Defendant Officers.

4. Defendants Lacey, DeVries and Harris and other unknown Village of Dolton officers are each employed as law enforcement officers by Dolton.

5. Individual Defendant officers engaged in the conduct complained of in the course and scope of their employment and under color of law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district and Defendant Dolton is a municipal corporation located here. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## FACTS

8. On September 1, 2021, around 5:00 P.M., protesters gathered on the sidewalks near Dolton Village Hall on Chicago Rd. near 142nd street in Dolton.

9. The Mayor of Dolton was appearing at a public outdoor meeting outside the City Hall.

10. At no time was there a lawful basis to prevent protestors from approaching the public meeting.

11. At all relevant times in this Complaint, Plaintiff was present at the protest to peacefully participate and exercise his First Amendment rights.

12. Plaintiff joined a group of peaceful protestors to voice his concern about the police killing of Alexis Wilson and others.

13. At or around 5:30 PM, police officers refused to let the protestors approach the public

meeting and ordered them to move back.

14. The protestors, including Plaintiff, complied with that order and moved away from the outdoor meeting while still standing and walking on the sidewalk.

15. At or around 5:40 PM, while still on the sidewalk and far removed from the outdoor meeting, Dolton police ordered the protestors to move even further back.

16. The protestors asked why they needed to move back if they were on a public sidewalk, but the police provided no legal justification or explanation.

17. Once again, the protestors, including Plaintiff, complied with police orders and moved back.

18. At approximately 5:55 PM, police again issued instructions to the protestors to move further back.

19. A protestor asked for clarification on where they were supposed to go to comply with police commands and still be able to exercise their First Amendment rights.

20. The police did not answer that person and continued to instruct the protestors to move back without legal justification or explanation.

21. At or around 5:56 PM, while the protestors complied with police orders by moving further back and away, the police made their first arrest of a protestor, seizing a protestor who was filming the protest and the officers.

22. Protestors in the group asked the police why they arrested the man, but the police did not answer.

23. At or around 5:57 PM, when police issued another order to move back even further, Plaintiff and the other protestors complied.

24. As the protestors moved back, police made their second arrest of a protestor, seizing a protestor as she spoke through a bullhorn.

25. At or around 5:58 PM, protestors asked for clarification as to where they were to move to

protest and express their First Amendment rights.

26. Police again failed to respond, and continued to physically advance on the unarmed, peaceful protestors.

27. Plaintiff picked up the bullhorn left by the second protestor when she was arrested.

28. Plaintiff spoke through the bullhorn and criticized the police; he voiced his opinion that Defendant DeVries was a "fascist pig" and he referred to Defendant Harris as a "fucking pig".

29. Plaintiff peaceably exercised his First Amendment right to criticize the officers.

30. Plaintiff presented no threat.

31. Plaintiff spoke at a distance from the police.

32. Plaintiff did not advance on or threaten the police in anyway.

33. Plaintiff made no threats of physical violence through the bullhorn, nor did he attempt to incite physical violence from the other protestors.

34. Right after Plaintiff made his comments about the police an officer who may be Defendant Lacey singled out Plaintiff and walked through the protestors to seize Plaintiff.

35. Police, including the named police officer Defendants, pulled and shoved through the protestors to get to Plaintiff and seize him.

36. When Defendant officers seized Plaintiff, they roughly shoved him to the pavement with no justification.

37. Defendant officers forced Plaintiff to the pavement on his knees causing him pain, discomfort and fear.

38. Defendant officers then handcuffed Plaintiff, stood him up, and marched him back to a gathering of police cars.

39. Defendant officers extinguished Plaintiff's free speech activities.

40. No Dolton village police officer ever gave Plaintiff an order to disperse or a warning that he would be placed under arrest if he didn't leave.

41. A dispersal order would not have been legal under the circumstances.

42. At no time did Defendants or other Dolton police officers advise Plaintiff that he was interfering with a public meeting.

43. Plaintiff was not interfering with a public meeting.

44. When Defendants arrested Plaintiff, he was not violating any law.

45. None of the Defendant officers had probable cause to believe Plaintiff was violating any law.

46. Plaintiff complied with every order to move back that Defendants and other Dolton police issued.

47. Defendant police officers arrested Plaintiff, took him into custody and kept him in custody even though he was breaking no law.

48. Defendants arrested Plaintiff to intimidate him, to punish him, and to discourage him and others from exercising their First Amendment rights and expressing their First Amendment protected views.

49. Defendants seized and arrested Plaintiff because he called one a "fascist pig" and another a "fucking pig," both protected expressions.

50. Following Plaintiff's arrest, Dolton police continued to hold him in custody.

51. Plaintiff was cited for interference with a public meeting for which an in-person hearing was required.

52. Plaintiff appeared in person for the hearing.

53. Instead of dismissing the case, Defendants continued the case for trial.

54. Defendants' decision to continue with prosecution of the case resulted in Plaintiff engaging an attorney to represent him.

55. Plaintiff's attorney then engaged in discovery and investigation of the criminal case.

56. Months later, on the eve of trial, Dolton dismissed the matter.

57. Defendants engaged in their misconduct on September 1, 2021 in an attempt to silence and stop peaceful protests in Dolton opposing police brutality and killings.

58. They did so also to protect the Mayor from voices of opposition and concern about the conduct of the police and their racist killings.

59. On information and belief there was no discipline or remedial action taken with regard to the officers who engaged in the violation of Plaintiff's rights, despite the existence of the video showing their unlawful actions, and their actions were ratified by the Village of Dolton.

**COUNT I**
**FIRST AMENDMENT to the U.S. CONSTITUTION**
**42 U.S.C. § 1983**
**(INDIVIDUAL DEFENDANTS)**

60. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

61. Defendants' conduct was intended to extinguish and silence the First Amendment-protected free speech of Plaintiff.

62. Defendants' conduct was intended to punish Plaintiff for his First Amendment-protected free speech and expressed viewpoint.

63. The arrest of Plaintiff was substantially motivated by the content of his speech.

64. Plaintiff was engaged in lawful First Amendment activity in Dolton and was acting reasonably.

65. Defendants targeted and arrested Plaintiff because he participated in the protest and made critical, derogatory remarks about the officers through a bullhorn.

66. Plaintiff's lawful free speech, assembly, and expressed opinions including those identifying two officers derogatorily as "pigs" were substantial or motivating factors underlying officer's

false arrest of him.

67. Others who were also protesting vocally, but who had not called officers as "fascist pig" or a "fucking pig" or made similar comments through a bullhorn, were not arrested.

68. At all times, including while speaking, Plaintiff continued to comply with Defendants' orders to move back.

69. Plaintiff violated no law while engaging in Constitutionally protected behavior, yet Defendants falsely seized, arrested, and held him in custody.

70. Defendants conduct truncated and extinguished Plaintiff's ability to continue to exercise his free speech rights.

71. Defendants' actions were objectively unreasonable and undertaken with willfulness and/or reckless indifference to the rights of Plaintiff.

72. Defendants' actions were directly responsible for the violation of Plaintiff's First Amendment rights and the physical suffering and mental anguish he suffered.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual and compensatory damages plus the costs of this action and attorney fees from Defendants; in addition, Plaintiff demands punitive damages against Defendants since they acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights and for whatever additional relief this Honorable Court deems equitable and just.

## COUNT II
## 42 U.S.C. § 1983 - UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
## (INDIVIDUAL DEFENDANTS)

73. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

74. The actions and conduct of the individual Defendants, as set forth above, in seizing Plaintiff's person without probable cause or other lawful basis violated Plaintiff's Fourth Amendment

right to be free from unreasonable seizure.

75. Defendants' described actions and conduct were the direct and proximate cause of Defendants' violations of Plaintiff's Fourth Amendment rights and caused Plaintiff emotional distress, humiliation, trauma and loss of liberty as set forth above.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages, plus the costs of this action and attorney fees from Defendants; in addition, Plaintiff demands punitive damages against Defendants since they acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights, and whatever additional relief this Honorable Court deems equitable and just.

## COUNT III
## FALSE ARREST AND IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION, 42 U.S.C. § 1983
## (INDIVIDUAL DEFENDANTS)

76. Plaintiff realleges the above paragraphs with the same force and effect as if fully set forth herein.

77. Individual Defendants' actions and conduct, as set forth above, in falsely arresting Plaintiff on September 1, 2021 under color of law and without probable cause violated his Fourth Amendment right to be free from unreasonable arrest.

78. There was no probable cause for the arrest of Plaintiff.

79. Defendants' actions and conduct were the direct and proximate cause of the violation of Plaintiff's Fourth Amendment rights and caused him emotional distress, fear, anguish, trauma, and loss of liberty as set forth more fully above.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, he demands punitive damages because Defendants acted out of malice and/or in reckless disregard of his rights and

for whatever additional relief the Court deems equitable and just.

## COUNT IV
## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH
## AMENDMENT OF THE UNITED STATES CONSTITUTION,
## 42 U.S.C. § 1983
## (INDIVIDUAL DEFENDANTS)

80. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

81. As described in the preceding paragraphs, the conduct of the individual Defendants towards Plaintiff constituted excessive force in violation of the United States Constitution when they pushed Plaintiff to his knees and treated him very roughly while he was on the pavement and during the process of seizure.

82. The amount of force used by officers against Plaintiff was objectively unreasonable under the circumstances.

83. The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and/or reckless indifference to the rights of Plaintiff.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages plus the costs of this action and attorney fees from the individual Defendant police officers; in addition, Plaintiff demands punitive damages against individual Defendants since they acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights and whatever additional relief this Honorable Court deems equitable and just.

## COUNT V
## STATE MALICIOUS PROSECUTION
## (ALL DEFENDANTS)

84. Plaintiff realleges the above paragraphs with the same force and effect as if fully set forth herein.

85. To effectively state a claim for malicious prosecution, Plaintiff must allege: (1) the

commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) malice; and (5) damages. Each of these elements is so alleged.

86. After individual Defendants unlawfully arrested Plaintiff to silence his expression of his First Amendment rights, Defendants cited Plaintiff for interference with a public meeting.

87. After appearing for a hearing and setting this matter for trial, the Village of Dolton and the individual Defendants indicated they wished to prosecute this matter against Plaintiff.

88. On the eve of trial, Dolton dismissed their claim against Plaintiff.

89. The ticket's dismissal evidences that the arrest was made without probable cause and that Defendants executed the arrest, as alleged above, to silence Plaintiff.

90. Defendants' targeting of Plaintiff shows malice.

91. The unlawful arrest caused him emotional distress, fear, anguish, trauma and loss of liberty as set forth more fully above.

92. Defendant Officers acted under the color of law and under the authority of one or more interrelated *de facto* policies, practices, and/or customs of the Dolton Police Department to violate Plaintiff's rights as set forth above.

      **WHEREFORE**, Plaintiff demands a judgment against Defendants for compensatory damages, plus costs and attorneys' fees and whatever additional relief this court finds equitable and just.

## COUNT VI
## STATE LAW CLAIMS FOR ASSAULT AND BATTERY
### (INDIVIDUAL DEFENDANTS)

93. Plaintiff realleges the above paragraphs with the same force and effect as if fully set forth herein.

94. The acts of the individual Defendant officers in roughly pushing Plaintiff to the pavement

were performed in a willful and wanton manner.

95. These actions of Defendant officers were deliberate and threatened to and did cause an unpermitted contact of an offensive and harmful nature to which Plaintiff did not consent and thus constituted assault and battery under the laws of the State of Illinois.

   **WHEREFORE**, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, he demands punitive damages because Defendant Officers acted out of malice and/or and in reckless disregard of his rights and for whatever additional relief the Court deems equitable and just.

## COUNT VII
## CLAIM FOR INDEMNIFICATION
## (DOLTON)

96. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

97. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. Defendants Lacey, DeVries, Harris and other Dolton officers were employees of Defendant Village of Dolton and acting within the scope of their employment in committing the misconduct described herein.

   **WHEREFORE,** Plaintiff requests that judgment be entered in favor of him and against Defendant Dolton for the amounts of any compensatory and/or punitive damages, attorneys fees and costs awarded against the individual Defendants and other individual officers.

PLAINTIFF DEMANDS TRIAL BY A JURY.

Dated: 8/30/22

Submitted by:

s/Melinda Power

| | |
|---|---|
| Melinda Power | Mara Verheyden-Hilliard |
| West Town Law Office | Center for Protest Law & Litigation at the |
| 2502 W. Division, | Partnership for Civil Justice Fund |
| Chicago, Illinois 60622 | 617 Florida Ave. NW |
| 773/278-6706 F: 773/278-0635 | Washington, D.C. 20001 |
| Melindapower1@gmail.com | 202/232-1180 x202 |
| | mvh@justiceonling.org |